**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4349**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL ANDREW KING, JR.,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:21-cr-00023-1)

---

Submitted:  August 30, 2023               Decided:  September 29, 2023

---

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Nowles H. Heinrich, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Andrew King, Jr., appeals his convictions for distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and possession with the intent to distribute methamphetamine and cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, King contends that insufficient evidence supports his convictions. For the following reasons, we affirm.

We review de novo a district court's denial of a motion for a judgment of acquittal based on the sufficiency of the evidence. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019). "A jury's guilty verdict must be upheld if, viewing the evidence in the light most favorable to the government, substantial evidence supports it." *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). A defendant challenging the sufficiency of the evidence to support his conviction faces a "heavy burden," as "reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* (cleaned up). "We do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions

in the testimony in favor of the Government."* *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted).

To obtain convictions on the distribution charges, the Government needed to prove "that (1) the defendant knowingly or intentionally distributed the controlled substance alleged in the indictment, and (2) at the time of such distribution the defendant knew that the substance distributed was a controlled substance under the law." *United States v. Howard*, 773 F.3d 519, 526 (4th Cir. 2014) (cleaned up). Here, the jury heard testimony from both a police detective and a confidential informant that the confidential informant had made controlled purchases of methamphetamine and crack cocaine from King, that a digital scale with a powdery substance on it and plastic bags were found in the kitchen where the first controlled purchase was made, that the confidential informant called King before the controlled buys to inform him which drugs she was seeking, and that King had placed cocaine base and methamphetamine in his girlfriend's vehicle to bring back to West Virginia from Ohio. We conclude that this is ample evidence to support King's convictions on these charges.

To obtain a conviction on the possession with intent to distribute charge, the Government was required to show "(1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." *United States v. Hall*, 551 F.3d

---

*  We decline King's invitation to make our own credibility determinations because the witnesses were required to wear masks while testifying. We have made clear that "determinations of credibility are within the sole province of the jury and are not susceptible to judicial review." *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc) (internal quotation marks omitted).

257, 267 n.10 (4th Cir. 2009).  The jury heard testimony that King placed a large amount of drugs, including a pound of methamphetamine, into his girlfriend's car in Ohio before they drove back to West Virginia in separate vehicles, and that he did so after telling the confidential informant that he would be going to Ohio to pick up drugs.  The Government also presented testimony that a pound of methamphetamine was far greater than the amount a user would typically purchase in a single buy, suggesting that the drugs were not for individual use.  Therefore, we conclude that sufficient evidence supports this conviction.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*